# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# WILKES-BARRE VICINAGE

| | | |
|---|---|---|
| **AARON J. NICHOLS; and** | : | **CIVIL ACTION** |
| **MICHAEL BURKE; and** | : | |
| **VICTOR ROMAN; and** | : | |
| **WARREN P. SNOW,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | |
| | : | |
| **C.O. KONYCKI; and** | : | |
| **C.O. SCOTT; and** | : | |
| **C.O. KIRSCHNER,** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

The Plaintiffs, Aaron J. Nichols, Michael Burke, Victor Roman, and Warren

P. Snow, are residents of Pennsylvania.  Aaron J. Nichols was released from prison

on May 21, 2020, and resides at 804 Church St., in Moosic, Pennsylvania; Warren

P. Snow is currently serving a sentence of incarceration at SCI Camp Hill; Victor

Roman and Michael Burke are currently serving sentences of incarceration at SCI

Forrest.  All four Plaintiffs aver the following as their Complaint, and demand for

jury trial, against the Defendants named above.

**INTRODUCTION**

1.     This is a Civil Rights action for money damages brought pursuant to 42 U.S. C. § 1983, 1985 and 1988; the Eight and Fourteenth Amendment to the United States Constitution; and Article I, § 13 of the Constitution of the Commonwealth of Pennsylvania; against: (i) Defendants Konycki, Scott, and Kirschner, in their individual and official capacities as correctional officers for the Department of Corrections of the Commonwealth of Pennsylvania (hereinafter collectively, the "Individual Defendants"); and (ii) the correctional officers that worked third shift on the night of the pepper spray incident on the same range who the Plaintiffs expect to identify in discovery; and (iii) supervisory members and/or officials of the Pennsylvania Department of Corrections (hereinafter, "the DOC") who the Plaintiffs expect to identify in discovery.

2.      On Super Bowl Sunday, February 2, 2020 at SCI Retreat in Luzerne County, Pennsylvania at or around 7 pm the Plaintiffs where in two locked jail cells adjacent to each other on Range number 2 of the FA Unit.

3.     The Individual Defendants were on duty on Range number 2 of the FA Unit at 7 pm on February 2, 2020.

4.     The Individual Defendants had access to a utility breezeway located behind the Plaintiffs' jail cells.

5.      One or more of the Individual Defendants entered said breezeway and sprayed chemical oleoresin capsicum pepper spray (hereinafter, the "pepper spray") through holes in walls of the Plaintiffs' jail cells for no justifiable reason.

6.      The pepper spray hit the Plaintiffs in the face and chest and got into their eyes and lungs.

7.      Plaintiffs were in distress and requested medical help but were denied not only by the Individual Defendants but also by the correctional officers that worked the subsequent shift.

8.      Plaintiffs' conditions were worsened by having only a small meal tray hole in which to try to breath fresh air.

9.      Plaintiffs' conditions were also worsened by having the water shut off so they could not wash the pepper spray from their eyes.

10.     Plaintiffs suffered for approximately twelve (12) hours until two correctional officers who started first shift the next day discovered their conditions and took them for medical treatment and documentation while their jail cells were decontaminated of the pepper spray.

11.     The violations of Plaintiffs' rights that are described in this Complaint arose from the policies and customs of the supervisory members and/or officials of the Pennsylvania Department of Corrections, as implemented by the Individual

Defendants and other Correctional Officers, to allow and/or condone the practices to which they complain of herein.

12.     Plaintiffs believe and therefore aver that they exhausted all available administrative remedies that were available to them to which resulted in a Final Appeal Decision being issued on November 5, 2020 stating that the allegations were substantiated but the relief Plaintiffs sought was denied.

13.     Plaintiff Aaron Nichols was released from incarceration on May 21, 2020 therefore exhausted all administrative remedies upon his release.

## PARTIES

14.     Co-Plaintiff, Aaron J. Nichols was released from prison on May 21, 2020, and resides at 804 Church St., in Moosic, Pennsylvania 18507.

15.     Co-Plaintiff, Warren P. Snow, #LZ5681, is currently serving a sentence of incarceration at SCI Camp Hill, P.O. Box 8837, 2500 Lisburn Road Camp Hill, PA 17001.

16.     Co-Plaintiff, Victor Roman, #NP7360, is currently serving a sentence of incarceration at SCI Forrest, P.O. Box 945, Marienville, PA 16239.

17.     Co-Plaintiff, Michael Burke, NJ0668, SCI Forrest, P.O. Box 945, Marienville, PA 16239.

18.   Co-Defendant Konycki is an adult resident Pennsylvania, with an unknown home address, however this Defendant's full name and home address will both be requested in discovery.  It is believed that this Defendant is still employed as a correctional officer with the Pennsylvania Department of Corrections.

19.   Co-Defendant Scott is an adult resident Pennsylvania, with an unknown home address, however this Defendant's full name and home address will both be requested in discovery.  It is believed that this Defendant is still employed as a correctional officer with the Pennsylvania Department of Corrections.

20.   Co-Defendant Kirschner is an adult resident Pennsylvania, with an unknown home address, however this Defendant's full name and home address will both be requested in discovery.  It is believed that this Defendant is still employed as a correctional officer with the Pennsylvania Department of Corrections.

21.   The Plaintiffs reserve the right to amend this pleading to name as additional defendants those correctional officers that worked third shift on the night the pepper spray incident, supervisory personnel, managers and/or officials, who are shown in discovery to have known about the events complained of herein and have taken no action to correct said matters.

## JURISDICTION AND VENUE

22.   The Court has original jurisdiction to hear this case pursuant to 28 U.S.C. § 1343(a)(3), in that Plaintiffs seek by this action to redress the deprivation,

under color of State laws, custom or usage, of rights, privileges and immunities secured to them by the Constitution of the United States and other federal law.

23.    Venue of this action is proper in the Middle District of Pennsylvania, Wilkes-Barre Vicinage, pursuant to 28 U.S.C. § 1391(b), in that pepper spray incident/event that gives rise to the claims made herein occurred Luzerne County in the Middle District of Pennsylvania, Wilkes-Barre Vicinage.

## FACTUAL BACKGROUND

24.    On Super Bowl Sunday, February 2, 2020 at SCI Retreat in Luzerne County, Pennsylvania at or around 7 pm the Plaintiffs where in two locked jail cells adjacent to each other on Range number 2 of the FA Unit.

25.    The Individual Defendants were on duty on Range number 2 of the FA Unit at 7 pm on February 2, 2020.

26.    The Individual Defendants had access to a utility breezeway located behind the Plaintiffs' jail cells.

27.    One or more of the Individual Defendants entered said breezeway and sprayed chemical oleoresin capsicum pepper spray (hereinafter, the "pepper spray") through holes in walls of the Plaintiffs' jail cells for no justifiable reason.

28.    The pepper spray hit the Plaintiffs in the face and chest and got into their eyes and lungs.

29.    Plaintiffs were in distress and requested medical help but were denied not only by the Individual Defendants but also by the correctional officers that worked the subsequent shift.

30.    Plaintiffs' conditions were worsened by having only a small meal tray hole in which to try to breath fresh air.

31.    Plaintiffs' conditions were also worsened by having the water shut off so they could not wash the pepper spray from their eyes.

32.    Plaintiffs suffered for approximately twelve (12) hours until two correctional officers who started first shift the next day discovered the conditions and took them for medical treatment and documentation while their jail cells were decontaminated of the pepper spray.

33.    The violations of Plaintiffs' rights that are described in this Complaint arose from the policies and customs of the supervisory members and/or officials of the Pennsylvania Department of Corrections, as implemented by the Individual Defendants and other Correctional Officers, to allow and/or condone the practices to which they complain of herein.

34.    Plaintiffs were physically injured by the above-described actions and/or inactions of the Individual Defendants and other defendants not yet identified by name.

## COUNT I

## 42 U.S.C. § 1983

## VIOLATION OF EIGHT & FOURTEENTH AMENDMENTS
## THE PLAINTIFFS v. THE INDIVIDUAL DEFENDANTS

35.   Plaintiffs incorporate the preceding averments of this Complaint by reference.

36.   On February 2, 2020, all four Plaintiffs where viciously assaulted by the Individual Defendants through the use of pepper spray without any justifiable reason for doing.

37.   Plaintiffs were then denied medical assistance by the Individual Defendants and the subsequent correctional officers of that range that night.

38.   Plaintiffs were also denied water in their jail cells that was needed to flush the pepper spray from their eyes.

39.   Plaintiffs were stuck in the contaminated jail cells without proper air to breathe for approximately twelve hours.

40.   Said unjustified pepper spray assault caused physical injuries to the Plaintiffs along with mental and emotional injuries.

41.   The above-described acts of the Individual Defendants were intentional and outrageous, such that a reasonable person, upon being told of them, would find the acts intolerable in a civilized society.

42. As a foreseeable and approximate result of the said acts of the Individual Defendants, the Plaintiffs have suffered the following injuries:

   a. The violation of their constitutional rights under the Eight and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment; and

   b. The violation of their guarantee under Article I, § 13 of the Pennsylvania Constitution to be free of "cruel punishments;" and

   c. Pain and suffering; and

   d. physical injuries.

**WHEREFORE,** The Plaintiffs, Aaron J. Nichols, Michael Burke, Victor Roman, and Warren P. Snow, demand judgement in their favor and against the Defendants, together with joint and several compensatory damages, to be trebled pursuant to law, together with an award of punitive damages, attorney's fees pursuant to 42 U.S.C. § 1988, and taxable costs.

### JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL

Aaron J. Nichols, Michael Burke, Victor Roman, and Warren P. Snow, demand a trial by jury on all issues so triable.

Aaron J. Nichols, Michael Burke, Victor Roman, and Warren P. Snow, designate Scott A. Harper, Esquire as trial counsel in this matter.

S HARPER LAW LLC

By:         */s/ Scott A. Harper*
            Scott A. Harper, Esq.
            Bar License No:  PA200461
            5000 Ritter Rd., STE 202
            Mechanicsburg, PA 17055
            (717) 718-8672 phone
            (717) 718-1634 facsimile
            scott@scottharperesq.com

            Counsel for Aaron J. Nichols, Michael
            Burke, Victor Roman, and Warren P. Snow,

Dated: February 6, 2021