UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AARON J. NICHOLS, *et al.*,      :

      Plaintiffs      :      CIVIL ACTION NO. 4:21-218

v.      :      (MANNION, D.J.)
                                 (ARBUCKLE, M.J.)

C.O. KONYCKI, *et al.*,      :

      Defendants      :

## MEMORANDUM

Pending before the court is the report of the magistrate judge to whom this matter was referred, which recommends that the defendants' motion to dismiss the plaintiffs' amended complaint be granted in part and denied in part. Specifically, it is recommended that the plaintiffs' official capacity claims against all defendants be dismissed, the plaintiffs' Eighth and Fourteenth Amendment excessive force claim against defendant Konycki be dismissed, and all other claims be permitted to proceed. (Doc. 42).

The defendants have filed objections to the report and recommendation. In their objections, the defendants first argue that the magistrate judge erred in liberally construing the plaintiffs' counseled amended complaint as presenting legal claims against some defendants that were not expressly delineated by counsel. Second, the defendants argue

that, even if liberal construction is proper, the magistrate judge erred in making an improper inference from one fact asserted against some defendants as against all defendants. The defendants request the court to conduct a *de novo* review and modify the recommendation by allowing only a deliberate indifference to medical claim and conditions of confinement claim against defendants Konycki and Scott to proceed unless the plaintiffs appropriately amend their complaint. (Doc. 44). The plaintiffs have neither filed objections to the report, nor responded to the defendants' objections.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v.*

*Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on February 6, 2021, the plaintiffs, four individuals formerly confined at the State Correctional Institution at Retreat, ("SCI-Retreat")[1], through counsel, filed a complaint alleging violations of their Eighth and Fourteenth Amendment rights in relation to a pepper spray incident at that facility. (Doc. 1). The complaint named Correctional Officers Corey Konycki, Gregory Scott and Justin Kerschner[2] as the "Individual Defendants" in this action. In addition, the plaintiffs named "the correctional

---

[1] Since the filing of this action, plaintiff Nichols was released from confinement and the remaining plaintiffs are incarcerated at other facilities. (Doc. 24).

[2] Defendant Kerschner has not in any way participated in these proceedings and default has been entered against him by the Clerk of Court. (Doc. 30). As noted by the magistrate judge, the plaintiffs filed a motion for default judgment against defendant Kerschner. The motion was denied, without prejudice, with a finding that it was more appropriate to rule on the default judgment issue once the claims against the non-defaulting parties are resolved. (Doc. 40, Doc. 41).

officers that worked third shift on the night of the pepper spray incident on the same range who the Plaintiffs expect to identify in discovery" and "supervisory members and/or officials of the Pennsylvania Department of Corrections (hereinafter, "the DOC") who the Plaintiffs expect to identify in discovery." (Doc. 1, p. 2).

Over one year later, after a period of discovery between the parties, on May 6, 2022, the plaintiffs, again through counsel, filed an amended complaint. In the amended complaint, defendants Konycki, Scott and Kerschner are again designated as the "Individual Defendants". In addition, the plaintiffs identified "the correctional officers that worked third shift on the night of the pepper spray incident on the same range" as David Stockholm and Clayton Yost. Finally, the plaintiffs identified "the supervisory members and/or officials of the Pennsylvania Department of Corrections (hereinafter, "the DOC")", as defendants Ronald Bronsburg, Donald Klick and Michael Wassel.

Factually[3], the counseled amended complaint reads as follows:

> 24. On Super Bowl Sunday, February 2, 2020 at SCI Retreat in Luzerne County, Pennsylvania at or around 7 pm the

---

[3] The amended complaint contains an "Introduction" section (Doc. 24, pp. 2-4) and a "Factual Background" section (Doc. 24, pp. 6-8), which set forth nearly identical allegations. For purposes of the instant memorandum, the court has taken the plaintiffs' factual allegations from the "Factual Background" section of the amended complaint.

- 4 -

Plaintiffs where in two locked jail cells adjacent to each other on Range number 2 of the FA Unit.

25. Defendants Konycki, Scott and Kerschner were on duty on Range number 2 of the FA Unit at 7 pm on February 2, 2020.

26. The Defendants Konycki, Scott and Kerschner had access to a utility breezeway located behind the Plaintiffs' jail cells.

27. Konycki handed Kerschner a canister of chemical oleoresin capsicum pepper spray (hereinafter, the "pepper spray") and Kerschner entered said breezeway and admittedly sprayed the pepper spray through holes in walls of the Plaintiffs' jail cells for no justifiable reason.

28. The pepper spray hit the Plaintiffs in the face and chest and got into their eyes and lungs.

29. Plaintiffs were in distress and requested medical help but were denied not only by the Individual Defendants but also by the correctional officers that worked the subsequent shift.

30. Plaintiffs' conditions were worsened by having only a small meal tray hole in which to try to breath fresh air.

31. Plaintiffs' conditions were also worsened by having the water shut off by Kerschner so they could not wash the pepper spray from their eyes.

32. Plaintiffs suffered for approximately twelve (12) hours until two correctional officers who started first shift the next day discovered the conditions and took them for medical treatment and documentation while their jail cells were decontaminated of the pepper spray.

33. The violations of Plaintiffs' rights that are described in this Complaint arose from the policies and customs of the supervisory members and/or officials of the Pennsylvania Department of Corrections, as implemented by the Individual

> Defendants and other Correctional Officers, to allow and/or condone the practices to which they complain of herein.
>
> 34. Plaintiffs were physically injured by the above-described actions and/or inactions of the Defendants.

(Doc. 24, pp. 6-8).

Based upon these factual allegations, the plaintiffs identify one single count in their amended complaint. That count sets forth violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. §1983 against the "Individual Defendants." Here, the plaintiffs provide, in relevant part, that "[o]n February 20, 2020, all four Plaintiffs were viciously assaulted by Kerschner with the assistance of his accomplice, Konycki, through the use of pepper spray without any justifiable reason for doing." The plaintiffs allege that they "were then denied medical assistance by the Defendants of that range and/or the supervisors of that evening and night," were "also denied water in their jail cells that was needed to flush the pepper spray from their eyes," and "were stuck in the contaminated jail cells without proper air to breathe for approximately twelve hours." The plaintiffs allege that the acts of "the Defendants" were intentional and outrageous, such that a reasonable person, upon being told of them, would find the acts intolerable in a civilized society.

- 6 -

The defendants moved to dismiss the plaintiffs' complaint arguing that: (1) the plaintiffs failed to plausibly allege facts showing defendant Konycki "assisted" defendant Kerschner to violate their rights; (2) the plaintiffs failed to plausibly allege facts showing defendants Konycki, Scott, Stockholm, Yost, Bronsburg, Klick, and Wassel violated the Eighth Amendment by "denying" medical assistance, access to water, or a transfer out of the pepper spray "contaminated" cell; and (3) the plaintiffs' amended complaint, independently, seeks relief unavailable in a §1983 action by virtue of the Eleventh Amendment. (Doc. 37).

In considering the defendants' motion to dismiss, despite acknowledging that the plaintiffs' complaint contains only one unspecified Eighth and Fourteenth Amendment count against the "Individual Defendants", who were specifically identified by the plaintiffs as defendants Konycki, Scott and Kerschner, the magistrate judge liberally construed this count to assert six separate legal claims. These claims were identified as Eighth and Fourteenth Amendment claims for excessive force against defendants Kerschner and Konycki for the use of pepper spray; Eighth and Fourteenth Amendment claims for denial of access to medical care following the exposure to pepper spray against all defendants; and Eighth and Fourteenth Amendment claims for unconstitutional conditions of confinement

based on the plaintiffs' allegations that their cells were contaminated by pepper spray and without running water against all defendants.

As to the arguments raised in the defendants' motion, the magistrate judge agreed that the plaintiffs' excessive force claim against defendant Konycki should be dismissed. Specifically, it was found that the plaintiffs did not adequately plead that defendant Konycki conspired with defendant Kerschner to use excessive force. Moreover, it was found that the plaintiffs did not adequately plead a claim that defendant Konycki failed to intervene in defendant Kerschner's use of force. Finally, it was found that the plaintiffs did not adequately plead that defendant Konycki was personally involved in the use of force. The magistrate judge therefore recommends that the plaintiffs' Eighth and Fourteenth Amendment excessive force claims against defendant Konycki should be dismissed.

Moreover, as the defendants argued and the plaintiffs conceded, the magistrate judge found that all official capacity claims should be dismissed. The plaintiffs acknowledged that they are not pursuing any claim against the defendants in their official capacity, or against the Department of Corrections or the Commonwealth of Pennsylvania. It was therefore recommended that all official capacity claims against all defendants be dismissed.

Next, the magistrate judge determined that the plaintiffs have pleaded plausible medical care and conditions of confinement claims against all defendants. It is pointed out that, after the use of pepper spray, the plaintiffs allege that they were in distress and requested, but were denied, medical assistance or help from defendants Konycki, Kerschner, Scott, Stockholm and Yost. The magistrate judge noted that courts in the Third Circuit have acknowledged that a lay person could readily recognize that an individual exposed to pepper spray needs some medical assistance to alleviate the effects of the spray, and further, it is unlikely as a matter of common sense that the odor of pepper spray would escape the notice of corrections officers doing regular rounds through a facility. As such, the magistrate judge found that the plaintiffs alleged sufficient facts to state a plausible claim that all defendants were deliberately indifferent to a serious medical need and substantial risk of harm. Addressing an alternative argument on the inadequate medical care claim, the magistrate judge determined that, given the type of injury, the length of delay in treatment, and the early stage of the proceedings in this case, the plaintiffs have alleged a plausible denial of medical care claim against all defendants. Therefore, the magistrate judge recommends that these claims be permitted to proceed as to all defendants.

Finally, the magistrate judge indicated that the plaintiffs should be permitted to file a second amended complaint as it was not clear whether amendment would be futile with respect to the plaintiffs' excessive force claim against defendant Konycki. He therefore recommends that the plaintiffs be granted leave to file a second amended complaint.

As set forth above, the defendants have filed objections to the report and recommendation. In their objections, the defendants first assert that the magistrate judge improperly liberally construed the amended complaint as presenting legal claims against some defendants that were not expressly delineated by counsel. The defendants argue that the only claims which should be allowed to proceed are a deliberate indifference to medical claim and conditions of confinement claim against defendants Konycki and Scott unless the plaintiffs properly amend their complaint to include separate claims against the other defendants. The court agrees.

Despite acknowledging that the amended complaint contains only one count against the "Individual Defendants," which the plaintiffs themselves have identified as defendants Konycki, Scott and Kerschner, the magistrate judge liberally construed that single count to contain six separate legal claims against all defendants. While the court has a duty to liberally construe *pro se* pleadings and submissions, *Haines v. Kerner*, 404 U.S. 519 (1972), it has no

such duty to liberally construe inartful pleadings or submissions by counsel. Thus, the plaintiffs' amended complaint should have been construed as presented by counsel – as setting forth one count for Eighth and Fourteenth Amendment violations against the "Individual Defendants", i.e., defendants Konycki, Scott and Kerschner only. While certain facts are alleged as to defendants Stockholm, Yost, Bronsburg, Klick, and Wassel, no claims are asserted with respect to these defendants. Therefore, the defendants' motion to dismiss should have been granted with respect to these defendants.[4] The court agrees with the magistrate judge, however, that there is no showing that allowing plaintiffs to file a second amended complaint would be futile or inequitable. The defendants themselves seem to point in that direction when they indicate that "only a deliberate indifference to medical claim and conditions of confinement claim against Defendants Konycki and Scott [should] proceed, unless Plaintiffs appropriately amend their complaint." (Doc. 44, p. 2).

On the basis of the foregoing, the defendants' initial objection to the report and recommendation will be sustained. The report and

---

[4] To the extent that the court has sustained the defendants' first objection, the court need not address the defendants' second objection which argues in the alternative to the extent that the court allows the liberal construction of the pleading.

recommendation will be adopted in part and not adopted in part. The report will be adopted to the extent that: (1) the plaintiffs' official capacity claims against all defendants will be dismissed; (2) the plaintiffs' Eighth and Fourteenth Amendment excessive force claim against defendant Konycki will be dismissed; and (3) to the extent they wish to do so, the plaintiffs will be permitted to file a second amended complaint. The report will not adopted to the extent it construes the plaintiffs' amended complaint as bringing any claim other than Eighth Amendment and Fourteenth Amendment deliberate indifference to medical claim and conditions of confinement claim against defendants Konycki, Scott and Kerschner. An appropriate order shall issue.

_____
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 28, 2023**
21-218-01