# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. NICHOLS, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 4:21-CV-218 |
| v. | (SAPORITO, J.) |
| C.O. KONYCKI, et al., | |
| Defendants. | |

## ORDER

Now before the Court is pro se defendant Justin Kerschner's timely motion for reconsideration of our order denying his motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m). Doc. 99; Doc. 90.

In the present case, the defendant filed his motion on July 30, 2026. Doc. 99. As of November 3, 2026, the defendant still has not filed a brief in support of his motion. Accordingly, the Court will deem the motion withdrawn due to Kerschner's failure to file a supporting brief. *See* M.D. Pa. L.R. 7.10 ("Any motion for reconsideration…must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned."). Even if the Court did not deem the present motion to be withdrawn we would still deny it, as discussed below, because it

lacks merit.

Because the defendant's motion seeks reconsideration of an interlocutory order, it is necessarily brought under Rule 54(b) of the Federal Rules of Civil Procedure. *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh*, 214 F. Supp. 3d at 295. Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

"Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.*, 12 F. Supp. 3d at 717 (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). Nevertheless,

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

The substance of the defendant's motion for reconsideration is that our denial of his motion to dismiss was erroneous because the plaintiffs did not properly serve the defendant in this action. Doc. 99. Principally at issue, the defendant claims that service on June 1, 2022, at his place of employment at SCI Frackville was improper. *Id.* at 2. The defendant

claims that Beth Lazusky was not an agent authorized by appointment or by law to make service proper. *Id.*[1]

We have already considered and rejected this exact argument in our original motion to dismiss. *See* Doc. 97, at 3 ("a review of the docket indicates that the plaintiffs effectuated service on defendant Kerschner on June 1, 2022, when they delivered a copy of the summons and the plaintiffs' amended complaint to Beth Lazusky, an individual authorized to accept service on behalf of defendant Kerschner. The service of this action was therefore proper pursuant to Pennsylvania law.") (citations omitted). We remain unconvinced that our reasoning was erroneous. *See U.S. ex rel. Thomas v. Rundle*, 371 F. Supp. 252, 254 (E.D. Pa. 1974) (finding that a state corrections employee was properly served where the complaint was served upon a records officer of a state prison where the defendant was no longer employed).

Additionally, the defendant made a statute of limitations argument in his motion. Doc. 99, at 1. We decline to address this argument as it was

[1] The defendant also mentions wrongful service attempts on July 8, 2021, and May 21, 2025. Doc. 99 at 1-3. These do not need to be addressed as the service on June 1, 2022, was proper therefore making service generally on the defendant proper.

not properly raised in the original motion to dismiss or related briefs. Doc. 90 ("defendant Kerschner has failed to adequately develop or substantiate th[e] [statute of limitations] argument beyond its passing reference."); *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010) ("Such motions also may not be used to give a dissatisfied party a chance to change theories and try again, obtaining a second bite of the apple."); *see also McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993) ("not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments which it could have made but neglected to make before judgment.")

Therefore, the moving defendant has failed to establish good cause why this Court should revisit its prior decision. *See Qazizadeh,* 214 F. Supp. 3d at 295. Moreover, the defendant's motion simply reiterates matters already addressed by the Court in the previous motion to dismiss, which is not allowed under Rule 54(b). *Id.* at 295-96.

Accordingly, **IT IS HEREBY ORDERED THAT** the defendant's motion for reconsideration is **DEEMED WITHDRAWN.** Doc. 99.

Dated: November 4, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge